1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONDELL L. WEBB,

11              Petitioner,                    No. CIV S-05-0291 DFL GGH P

12        vs.

13   C. K. PLILER, et al.,

14              Respondents.             FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17          Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28

18   U.S.C. § 2254.  Pending before the court is respondent's May 12, 2005, motion to dismiss the

19   petition as barred by the statute of limitations and for failure to exhaust state court remedies as to

20   all claims to which petitioner timely filed an opposition.

21          This action is proceeding on petitioner's April 7, 2005 amended petition,[1] wherein

22   petitioner challenges the California Board of Prison Terms (BPT) three-year denial of parole at

23   an October 10, 2001 suitability hearing.  Amended Petition Form (AP), p. 2.  Petitioner was

24   sentenced to 25 years to life on March 28, 1980 after pleading guilty in Alameda County

25   _____

26   [1] The original petition, filed on February 14, 2005, was dismissed with leave to amend by
     order filed on March 1, 2005.

                                                   1

1  Superior Court to first degree murder; a two-year sentence for firearm use was stayed.

2  Respondent's Exhibit A, pp. 16-17, Abstract of Judgment.

3          Petitioner sets forth as the grounds for his challenge that: 1) he was denied his

4  constitutional right to have his prison term fixed and release date established when the BPT

5  failed to apply Cal. Penal Code § 3041(a), denied him parole for three years and a fixed term and

6  [did not] compare his crime to other similar offenses;[2] 2) he was denied his constitutional right to

7  have his prison term fixed and release date established when the BPT panel failed to consider all

8  relevant evidence and to uphold the terms of his plea agreement set forth by the sentencing court;

9  3) he was denied his constitutional right to have his length of confinement calculated under the

10  Indeterminate Sentencing Law (ISL) and the Determinate Sentencing Law (DSL), when the BPT

11  panel failed to conduct a proportionality analysis and base its findings and decision on offenses

12  of similar gravity and magnitude; 4) petitioner's constitutional right was violated when the BPT

13  panel used a second homicide claim in their findings and decision to deny him parole and a fixed

14  term, and the right for such a claim to be presented to and heard by a jury.

15  Motion to Dismiss

16      *Statute of Limitations*

17          On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA)

18  was enacted.  AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides,

19              A 1-year period of limitation shall apply to an application for a writ
                of habeas corpus by a person in custody pursuant to the judgment
20              of a State court.  The limitation period shall run from the latest of–

21  \\\\\

22

23  [2] In his petition, as to his other three claims, petitioner virtually mirrors his grounds in the pages he has attached to the form petition to which he makes pinpoint page references in his amended petition, which the court deems his memorandum of points and authorities in support of the amended petition; however, as to this claim (1), rather than simply stating that the BPT failed to compare his crime to similar offenses, he adds that the denial was wrongfully based on the conclusion that petitioner posed an unreasonable risk of danger to society or a threat to public safety and that the offense was carried out in an exceptionally callous disregard for human suffering.

1        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

2        review;

3        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

4        the United States is removed, if the applicant was prevented from filing by such State action;

5

6        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

7        applicable to cases on collateral review; or

8        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

9        diligence.

10        Respondent asserts that petitioner did not submit an administrative appeal of the

11 BPT's decision until February 17, 2003, over two years after the October 10, 2001 decision,

12 whereupon the appeal was denied as untimely on March 25, 2003.  Motion to Dismiss (MTD), p.

13 3, Exhibit (Exh.) A, pp. 119, 122.

14        For his part, petitioner asserts that although the BPT hearing was held on October

15 10, 2001, the effective date of the decision was October 31, 2001, and he did not receive the

16 transcripts of the hearing until December, 2001.  Opposition (Opp.), p. 2.  Petitioner further

17 asserts that the basis for his February 17, 2003 appeal of the October 2001 BPT decision was the

18 ruling of In re: Dannenberg [125 Cal. Rptr. 2d 458 (Cal. App. 2002)],[3] which ruling issued in late

19 2002 and that after the appeal staff misconstrued the basis for the Feb. 17, 2003 appeal, denying

20 it as untimely, he re-submitted a 1040 administrative appeal on April 24, 2003, which the

21 administrative appeal staff subsequently denied on May 5, 2003, but not on grounds of

22 untimeliness. Opp., pp. 2-3, petitioner's Exhs. A through D.

23        On July 11, 2003, almost four months later, petitioner filed a habeas petition in

24 superior court, which was denied on August 11, 2003.  MTD, p. 3, Exh. A, p. 15.  Petitioner's

25

26        [3] Since reversed by In re: Dannenberg, 34 Cal.4th 1061, 23 Cal. Rptr.3d 417 (Cal. 2005).

1   December 15, 2003 habeas petition filed in the state court of appeal was denied on December 24,

2   2003.  Id., Exh. A, pp. 7, 8.[4]  Petitioner filed his habeas petition in the state supreme court on

3   February 2, 2004, which was denied on December 15, 2004.  Id., Exh. A, pp. 1-2.  As noted,

4   petition filed his original petition in this court on February 14, 2005.

5            Respondent contends that the triggering event for the running of the AEDPA

6   statute of limitations is the October 10, 2001 BPT action.  MTD, p. 4, Exh. A, p. 26.  Respondent

7   cites no authority for this contention and, in fact, that position is unsupported by the applicable

8   law.  For habeas petitions challenging parole suitability hearings, the statute of limitations runs

9   from the date the BPT denies the administrative appeal.  Redd v. McGrath, 343 F.3d 1077, 1082-

10   1084 (9th Cir. 2003), citing 28 U.S.C. § 2244(a)(1)(D).  Therefore, the statute did not begin to run

11   until the day after the March 25, 2003 denial.[5]  Redd, supra, at 1084.  The number of days that

12   elapsed between the actual triggering date of March 25, 2003[6] and July 11, 2003, when the state

13   court exhaustion period commenced with the filing of the state court petition in the superior court

14   was 108.

15            Section 2244(d)(2) provides that the time during which a properly filed

16   application for State post-conviction or other collateral review with respect to the pertinent

17   judgment or claim is pending shall not be counted toward any period of limitation.  From the date

18   of the filing of the initial petition, July 11, 2003, until the denial of petitioner's habeas petition in

19   the state supreme court, on December 24, 2004, the one-year statute was tolled under §

20   2244(d)(2).  See Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002); see also Nino v. Galaza,

21

22      [4] According to respondents, the superior court and state appellate court petitions were
   transferred to another county and district, respectively, before being adjudicated.

23      [5] Respondent makes no argument that the denial of the administrative appeal on
   untimeliness grounds constitutes a form of procedural default, an argument that would not be
24   apposite in the statute of limitations context in any event.

25      [6] Based on the re-visited administrative appeal submitted by petitioner but not mentioned
   by respondent, the court could construe that the second May 5, 2003 denial was actually the
26   triggering event.

1   183 F.3d 1003, 1006 (9ᵗʰ Cir. 1999).  A state petition is "pending" under § 2244(d)(2) if it is "a

2   continuing 'application' for review and relief."  Welch v. Carey, 350 F.3d 1079, 1082 (9ᵗʰ Cir.

3   2003) (en banc).  Respondent appears to concede that the state court exhaustion period tolled the

4   statute, although he wrongly includes the exhaustion of administrative remedies period within the

5   statutory tolling period.  See MTD, p. 4.

6          Respondent cites California Rules of Court, Rule 29.4(b)(2)(C),[7] in support of the

7   principle that the state supreme court's summary denial of petitioner's application is final when

8   filed.  However, even if the recent change to the state rule supersedes Bunney v. Mitchell, 262

9   F.3d 273 (9th Cir. 2001) (interpreting prison law), the applicable date is December 24, 2004,

10  rather than January 23, 2005, petitioner's filing of his original petition is this court, on February

11  14, 2005, is timely because only 52 days elapsed between the date the decision was filed and the

12  date petitioner's application was filed in this court and, with the addition of the 108 days that had

13  elapsed prior to petitioner's first state court petition filing, the total amount of days that had run

14  amounted to 160, leaving petitioner with 205 days before the statute of limitations would have

15  run at the time of his filing the instant petition in this court.  The petition was filed timely and, on

16  this ground, respondent's motion must be denied.

17      *Exhaustion*

18          The exhaustion of state court remedies is a prerequisite to the granting of a

19  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

20  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

21  thus, may not be implied or inferred.  The United States Supreme Court has held that a federal

22  district court may not entertain a petition for habeas corpus unless the petitioner has exhausted

23  state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 102 S. Ct.

24

25      [7] That subsection states that, inter alia, "the denial of a petition for a writ within the
    court's original jurisdiction without issuance of an alternative writ or order to show cause...." is
26  "final on filing."

1   1198 (1982).  A petitioner satisfies the exhaustion requirement by providing the highest state

2   court with a full and fair opportunity to consider all claims before presenting them to the federal

3   court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768

4   F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

5            Under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005), the United

6   States Supreme Court determined that "stay and abeyance should be available only in limited

7   circumstances."  Before granting a stay of a mixed petition containing both exhausted and

8   unexhausted claims so that petitioner may exhaust in state court those claims not yet exhausted,

9   the court must determine whether there was good cause for a petitioner's failure to exhaust

10  before filing his federal petition and, moreover, whether any unexhausted claims are "plainly

11  meritless."  Id.  Thus, before a mixed petition can be stayed pending exhaustion, petitioner must

12  show good cause for his having failed to bring unexhausted claims before the state's highest

13  court before filing the pending petition in this court.

14           Respondent contends that petitioner has only presented claim three (3) to the state

15  supreme court and that to exhaust a claim petitioner must have presented his federal

16  constitutional issue to the appropriate state court "within the four corners of his appellate

17  briefing," quoting Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).[8]  MTD, p. 5.

18  Ground 3 raised herein is the claim that petitioner was denied his constitutional right to have his

19  length of confinement calculated under the IS) and the DSL, when the BPT panel failed to

20  conduct a proportionality analysis and base its findings and decision on offenses of similar

21  gravity and magnitude.

22           A review of the petitioner's briefing to the state supreme court demonstrates that

23  respondent is essentially correct.  In his petition to the state supreme court, petitioner

24

---

25       [8] Respondent actually cites an earlier incarnation of Castillo v. McFadden, 370 F.3d 882,
    887 (9th Cir. 2004), which was amended and superseded (on other grounds) by 399 F.3d 993 (9th
26  Cir. 2005).

1  incorporates by reference his brief to the state court of appeal, in turn referring the court to his

2  state superior court briefing.  MTD, p. 5, Exh. A, pp. 3-5, 9-12, 15-25.  The sole claim raised

3  before the state supreme court is the challenge to the BPT's failure to conduct a proportionality

4  analysis.  Id., Exh. A, pp. 18-20.[9]  As respondent argues, petitioner is raising for the first time

5  grounds 1, 2, and 4, that the BPT violated his rights by using a second homicide claim in its

6  decision, failing to consider all relevant evidence and by not upholding the plea agreement.  As to

7  ground 1, petitioner is somewhat confusing in the disparate manner in which that ground is

8  characterized in the petition form itself and in the attached memorandum, but in any event, in

9  either incarnation that claim also does not appear to be exhausted.

10         Respondent argues that there is no reason that petitioner could not have presented

11  his unexhausted claims to the state supreme court.  MTD, p. 6.  Petitioner seeks a stay to exhaust

12  any unexhausted claims.  Opp., p. 8.

13         What constitutes good cause has not been precisely defined except to indicate at

14  the outer end that petitioner must not have engaged in purposeful dilatory tactics,  Rhines, supra,

15  125 S. Ct. at 1535, and that "extraordinary circumstances" need not be found.  Jackson v. Roe,

16  425 F.3d 654, 661-662 (9th Cir. 2005).  See Rhines, supra, at 1536 (Stevens, J., concurring) (the

17  "good cause" requirement should not be read "to impose the sort of strict and inflexible

18  requirement that would trap the unwary pro se prisoner."  (Internal citation omitted); see also, id.,

19  (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky

20  exhaustion determinations).  In the absence of factors warranting a denial of the stay, a court will

21  abuse its discretion if the stay is not granted.  Jackson, supra, at 425 F.3d at 661.

22         In the absence of patent facts which warrant a dismissal of the unexhausted

23  claims, the undersigned will not resolve the merits of the petition, or a potential defense, in

24  determining the threshold issue of good cause for an exhaustion stay.  Rather, for a satisfactory

25

26    [9] The same argument is echoed following the transcript of the hearing at Exh. A, p. 124 , in the event that petitioner included that document as well in his state court petition.

7

1   showing of good cause, the court will simply require a prima facie cause that a justifiable,

2   legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs.

3   In this case, the court will find that petitioner has made out such a prima facie case, with regard

4   to his claims 1, 2, and 4, as petitioner, a pro se litigant, has made efforts to exhaust timely and,

5   although erroneously, believed that all of his claims were generally encompassed within the

6   petition presented to the state's highest court, or that explicit exhaustion as to each was not

7   required.

8           Respondent further contends that petitioner's proportionality claim is meritless,

9   but that is the claim that respondent concedes is exhausted and the test under <u>Rhines</u> that the

10  court must apply on the question of what is "plainly meritless" is as to the unexhausted claims.

11  The court will not reach the merits of the exhausted claim.  The only unexhausted claim that

12  respondent challenges as to its merits is the claim that the BPT violated his plea agreement by not

13  granting parole.  MTD, p. 6.

14          Respondent argues that the amended petition omits factual allegations supporting

15  this claim and that petitioner has never alleged any pre-sentencing statements indicating that he

16  would be paroled at some particular future time.  MTD, pp. 6-7.  In his amended petition,

17  petitioner asserts that the sentencing court informed him that he was entitled to one day for every

18  two days served.  AP, p. 2, Exh. B to original petition, court transcript page copy.  As to the good

19  cause question, petitioner alleges that his plea bargain claim is part of the relevant evidence for

20  this court's review and he apparently did not believe that he needed to separately exhaust the

21  claim in state court.  Opp., p. 7.

22          Claims 1, 2, and 4 raised have not been presented to the California Supreme

23  Court.  Further, there is no allegation that state court remedies are no longer available to

24  petitioner.  The court will recommend denial of respondent's motion to dismiss on the ground of

25  failure to exhaust state court remedies but will instead recommend a stay in order for petitioner to

26  exhaust state court remedies as to claims 1, 2, and 4.  The court will also recommend that

1  petitioner be directed to file a petition in the state supreme court containing all of his

2  unexhausted claims within 30 days of the adoption of these findings and recommendations,

3  should that occur, and that petitioner be directed to file notice to this court within 30 days of the

4  decision of the state supreme court.

5          Accordingly, IT IS HEREBY RECOMMENDED that:

6          1.  Respondents' May 12, 2005 motion to dismiss be denied;

7          2.  The petition be stayed pending exhaustion of state court remedies as to Claims

8  1, 2, and 4;

9          3. Petitioner be directed to file a petition to the state supreme court containing

10  claims 1, 2 and 4, within 30 days of adoption of these Findings and Recommendations, should

11  that occur;

12          4.  Upon the filing of the decision by the state supreme court, within 30 days

13  thereafter, petitioner be directed to file notice to this court of exhaustion of his state court

14  remedies as to claims 1, 2, and 4; and

15          5.  This case be administratively closed, pending state court exhaustion of claims

16  1, 2, and 4.

17          These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served and filed within ten days after service of the objections.  The parties are advised

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:   1/24/06

                                                                /s/ Gregory G. Hollows
4                                                          _____
                                                                GREGORY G. HOLLOWS
5                                                          UNITED STATES MAGISTRATE JUDGE

6

7
    GGH:009
8   webb0291.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26