IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONDELL L. WEBB,

       Petitioner,                      No. CIV S-05-0291 DFL GGH P

    vs.

C.K. PLILER, et al.,

       Respondents.           ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On January 24, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent has filed objections to the findings and recommendations to which petitioner filed a reply.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. It is evident to this court, after a careful review, that respondent has made an attempt by way of objections to have the amended petition dismissed on grounds or arguments not originally set forth in its motion. The two

1

grounds raised by the original motion were that 1) petitioner had filed an untimely petition beyond the one-year statute of limitations and that 2) petitioner had failed to exhaust state court remedies for all claims presented. See Motion to Dismiss.

As to the first ground, in his Findings and Recommendations, the magistrate judge correctly observed that respondent's contention that the triggering event for the running of the AEDPA statute of limitations with respect to a Board of Prison Terms' decision was wrongly premised and without supporting authority. The magistrate judge cited the applicable authority, Redd v. McGrath, 343 F.3d 1077, 1082-1084 (9th Cir. 2003), citing 28 U.S.C. § 2244(d)(1)(D),[1] and found that the statute did not begin to run until the day after the March 25, 2003 denial of petitioner's administrative appeal. In the objections, respondent belatedly seeks to adopt the applicable authority and then attempts to circumvent it, raising new arguments.

In addition, in an argument never made in its motion, respondent, in objections, attempts to fault the magistrate judge for, inter alia, not having dismissed two of petitioner's four claims on the ground that they are state law issues. It is improper for respondent by way of objections to raise new grounds and frame arguments not advanced in the motion. To do so prejudices the petitioner and unfairly burdens the court. On the other hand, the court does not wish to determine whether this action should be dismissed or not on the basis of a motion in which each ground has not been appropriately raised. Therefore, the May 12, 2005 motion to dismiss will be vacated, along with the January 24, 2006 Findings and Recommendations.

Respondent will be given one further opportunity to file a motion to dismiss before the magistrate judge encompassing each and every appropriate ground for dismissal. Should respondent fail to do so, an answer must be filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's May 12, 2005 motion to dismiss is hereby vacated as are the

---

[1] The subsection appeared as (a) rather than (d) in 28 U.S.C. § 2244(d)(1)(D) in the Findings and Recommendations at this point, evidently a typographical error.

1  January 24, 2006 Findings and Recommendations;

2      2. Respondent is directed to file a motion to dismiss the amended petition which
3  incorporates each ground upon which respondent seeks dismissal, within twenty days, upon
4  service of which, petitioner will have thirty days to file an opposition.  Thereafter, respondent
5  will have seven days to file a reply, after which the motion will be deemed submitted;

6      3. Should respondent choose not to file a motion to dismiss, the answer will be
7  due in thirty days, after which petitioner must file any reply within thirty days of service of the
8  answer.

9  DATED: 3/16/2006

*(signature)*

DAVID F. LEVI
United States District Judge