IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONDELL L. WEBB,

               Petitioner,

      vs.

JAMES WALKER,[1] Warden,

               Respondent.

No. 2:05-cv-00291-JKS-GGH

ORDER

       Petitioner Rondell L. Webb, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On February 28, 2008, the Magistrate Judge filed Findings and Recommendations recommending that Respondent's motion to dismiss be granted and the petition dismissed, which were served on all parties and contained notice that any objections to the Findings and Recommendations were to be filed within fifteen days.  Webb filed objections to the Findings and Recommendations.  Webb objects to the finding that his second, fourth and fifth grounds are procedurally defaulted; that his first ground is unexhausted; and his third claim was not ripe.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

       In his final amended petition, Webb raised five grounds: 1) he was denied the right to have his prison term fixed and his release date established pursuant to Cal. Penal Code § 3041(a) when the Board of Prison Terms (now known as the Board of Parole Hearings and referred to in

---

[1] James Walker, Warden, California State Prison – Sacramento substituted for Scott Kernan, Warden, California State Prison – Sacramento.  Fed. R. Civ. P. 17(d).

the Findings and Recommendations as "BPH") panel wrongfully based its denial on the conclusion that petitioner posed an unreasonable threat to society, relying solely on the commitment offense; 2) the BPH panel did not consider all relevant evidence by failing/refusing to review the terms of his plea contract; 3) the length of his prison term was not calculated under the Indeterminate Sentencing Law ("ISL") or the Determinate Sentencing law ("DSL") when the BPH panel failed to conduct a proportionality analysis and base its findings/decision on offenses of similar gravity and magnitude; 4) the state and the BPH breached the terms of his plea agreement by recommending a longer sentence and not enforcing the terms of the plea; and 5) dismissed counts were used after petitioner had entered his plea.

Ground 1.

The Findings and Recommendations recommend that the first ground be dismissed for failure to fully exhaust state court remedies.  Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: 1) to the proper forum, 2) through the proper vehicle, and 3) by providing the proper factual and legal basis for the claim.  *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.  *Duncan,* 513 U.S. at 365-66.  In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes, or citing to federal case law.  *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000).  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.  *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir. 1996).  In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief. *Gray v. Netherland,* 518 U.S. 152, 162–163 (1996).

As the Magistrate Judge explained, in his presentation of this claim to the California Supreme Court it was framed solely in terms of the proper interpretation of a state statute.  As

such it is beyond the purview of this Court in a federal habeas proceeding.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).  It is also presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).  Consequently, the Magistrate Judge correctly found that Webb's first ground for relief is unexhausted.

Grounds 2, 4, and 5.

The Findings and Recommendations recommend dismissal of the second, fourth and fifth grounds on the basis that they are procedurally barred.  In denying his second petition for habeas relief in which these claims were raised, the California Supreme Court cited *In re Clark*, 5 Cal.4th 750 (1993), *People v. Duvall*, 9 Cal.4th 464, 474 (1995), *In re Swain*, 34 Cal.2d 300, 304 (1949), *In re Miller*, 17 Cal.2d 734 (1941), and *In re Robbins*, 18 Cal.4th 770, 780 (1998), which clearly and unequivocally indicates that the petition was denied on procedural grounds, not on the merits.  *See Harris v. Superior Court*, 500 F.2d 1124, 1127–29 (9th Cir. 1974) (en banc).  These citations indicate that the California Supreme Court considered the petition as untimely, successive, or did not plead facts with sufficient particularity to warrant the granting of relief.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims · · ·." *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

> First announced as a broad concept in *Wainwright v. Sykes,* 433 U.S. 72, 97, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the procedural bar doctrine "has its historical and theoretical basis in the 'adequate and independent state ground' doctrine." *Harris v. Reed,* 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citing *Wainwright,* 433 U.S. at 78-79, 97 S.Ct. 2497); *see also Fox Film Corp. v. Muller,* 296 U.S. 207, 210, 56 S.Ct. 183, 80 L.Ed. 158 (1935).  The adequate and independent state ground doctrine provides that federal courts "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both independent of the merits of the

federal claim and has an adequate basis for the court's decision." *Harris,* 489 U.S. at 260, 109 S.Ct. 1038.

*Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In this case the California Supreme Court invoked several procedural rules without specifying which rule applied to which claim.  Consequently, only if all the procedural rules invoked are independent and adequate state law grounds is Webb procedurally barred.  *See Washington v. Cambra*, 208 F.3d 832, 834 (9th Cir. 2000).  Since *Robbins*, the procedural rules laid down in *Clark*, *Swain*, and *Miller* are considered independent.  *See Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003).  Those rules are not, however, necessarily adequate in the sense that it has not been definitively held that they are consistently applied.  *Id.*  Once, as here, the state has asserted the existence of a procedural bar, the burden shifts to the petitioner (Webb) to place that defense at issue.  *Id.*, at 586.  This may be accomplished in one of two ways: by asserting "specific factual allegations that demonstrate the inadequacy of the state procedure" by citing relevant cases, or by simply challenging the adequacy of the state procedure.  *King v. Lamarque*, 464 F.3d 963, 967–68 (9th Cir. 2006).  In this case, Webb did neither.  Consequently, the Magistrate Judge correctly found that the second, fourth and fifth grounds for relief are procedurally barred.

Ground 3.

While the Findings and Recommendations do not recommend that the third ground be dismissed on the basis that it is a state law claim, the Findings and Recommendations do recommend dismissal on the basis that the claim is not yet ripe for review.

Webb argues that under California law the BPH panel was required to conduct a proportionality analysis under which the BPH sets a prisoner's term based on offenses of similar gravity and magnitude.  As the Magistrate Judge correctly noted, under California law, a proportionality analysis is not required until after a prisoner is found suitable for parole.  *In re Dannenberg*, 34 Cal.4th 1061, 1097–98 (2005); *In re Stanworth*, 33 Cal.3d 176, 183 (1982); Cal. Code Reg, tit. 15, § 2280.  In this case, Webb was not found to be suitable for parole; consequently, under California law he was not entitled to a proportionality analysis.  Whether the Court treats it as an issue of state law beyond the purview of this Court in a federal habeas

proceeding or, as did the Magistrate Judge, not yet ripe, the result is the same.  If an issue of state law, this Court may not consider it.  If, as the Magistrate Judge appears to have inferentially determined, the failure to follow state law is so egregious to constitute a constitutional violation of due process, *Pulley v. Harris*, 465 U.S. 37, 41 (1984),[2] Webb has failed to show that state law was violated.  Consequently, the Magistrate Judge correctly found that the third ground should be dismissed.

Timeliness of the Petition.

The Magistrate Judge found that the petition was timely filed.  The Court disagrees.  The BPH panel denied parole on October 10, 2001.  Webb did not file an administrative appeal until February 17, 2003, 16 months later.  On March 25, 2003, that administrative appeal was initially denied as untimely, *i.e.*, it was not filed within 90 days of the date of the BPH panel action.  Webb requested reconsideration arguing that he did not learn of the basis for his appeal in the last week of January 2003, specifically quoting a "legal overview" from what appears to be *In re Dannenberg*, 102 Cal.App.4th 95 (Cal.App. 2002).[3]  The quoted "legal overview" addressed only one of the issues presented to this Court: the requirement for a proportionality review, Webb's third ground.  Reconsideration was denied, and the administrative appeal was dismissed May 5, 2003.[4]  The Magistrate Judge, relying on *Redd v. McGrath*, 343 F.3d 1077, 1082–84 (9th Cir. 2003), determined that the one-year limitation period began to run when the BPH appeal was denied, May 5, 2003.  Respondent argued in his motion to dismiss that the one-year limitation period began running when Webb's time to appeal lapsed, 90 days after the BPH panel decision.[5]

[2] Any argument that the failure to provide a proportionality review raises an issue of constitutional magnitude is foreclosed by *Pulley*.  *Pulley*, a capital punishment case arising out of California, specifically held that a proportionality review is not a requirement in imposing capital punishment.  465 U.S. at 48–54.  If not constitutionally required in imposing a death penalty sentence by the court, it can hardly be said to be constitutionally required to be used by parole boards in non-capital cases.

[3] Review was granted by the California Supreme Court on January 15, 2003, [63 P.2d 212 (Cal. 2003)] and the Court of Appeal decision subsequently reversed [34 Cal.4th 1061 (2005)].

[4] Both the initial dismissal and the dismissal on the request for reconsideration were done by a member of the BPH staff, not the BPH or any BPH commissioner.

[5] Cal. Code Reg., tit. 15, § 2052(c) (repealed 2004).

If the Respondent is correct, the one-year limitation period had already expired before Webb filed his administrative appeal.

The one-year limitation period under § 2244(d)(1) applies to administrative actions. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004). Accordingly, it is appropriate to apply by analogy to administrative actions the same rules as are applied to judicial decisions. *Redd* held that, under the facts in that case, the time under § 2244(d)(1)(D) began on the date the BPH *denied* Redd's administrative appeal. This case, however, presents an issue that was not present in *Redd*: the effect of an untimely administrative appeal that is dismissed, not denied. In *Redd*, the date presented to the panel and upon which its decision was based, was the date the administrative appeal was denied. Taken in proper context and the discussion of the *Redd* panel, the true holding in *Redd* is that the time starts to run when the administrative decision is final, which in *Redd* was the date the timely administrative appeal was denied. *Redd*, 343 F.3d at 1084 ("[t]ying the limitations period to *the date a parole board's decision becomes final*") (emphasis added). Factually, this case differs.

The BPH panel denied Webb parole on October 10, 2001. Under then extant regulations, Webb had 90 days until January 8, 2002, to appeal the decision denying him parole.[6] On that date for the purposes of § 2244(d)(1) the decision of the BPH panel became "final,"[7] and, unless tolled or otherwise excluded, his time to file a federal habeas petition expired one year later, January 8, 2003. Webb did not file his administrative appeal until February 17, 2003, more than 13 months after the decision of the BPH panel denying him parole became final. Thus, the issue becomes whether the time between January 8, 2002, and February 17, 2003, is excluded. If it is excluded, it delays the start of—rather than tolling—the limitation period. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

---

[6] In 2004 the entire administrative appeal process was eliminated.

[7] *See* 28 U.S.C. § 2844(d)(1)(A) ("date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). As *Redd* noted that there is no provision in California law for direct judicial review of a denial of parole by the BPH; consequently, the sole avenue for judicial relief is via a state habeas proceeding. 343 F.3d at 1079.

The Magistrate Judge, based upon the following language in the dismissal of Webb's request for reconsideration, determined that the BPH denied the appeal on the merits.[8]

> Appellate court ruling regarding <u>In re Dannenberg</u> is in response to a writ of habeas corpus filed by [Dan]nenberg.  The writ decision was exclusive to Dannenberg.  Your next parole consideration hearing will [be s]cheduled on or about 10/10/04. This appeal is dismissed and no further appeals will be responded to [rega]rding this issue.

The Court disagrees.  The ruling, a staff dismissal, being in response to a request to reconsider the initial dismissal as untimely, is just as, if not more, logically construed as a response to the adequacy of the explanation for the late appeal than as a decision on the merits of the appeal. Two points support this result.  First, the dismissal was entered by a staff member during the initial screening process.  Second, review of the Court of Appeal decision in *Dannenberg* was granted by the California Supreme Court prior to the time Webb filed his administrative appeal; consequently, at the time he filed his appeal, it was no longer citable authority.  Cal. Ct. R. 8.1105(e)(1) (formerly Rule 976) (opinion no longer considered published when Supreme Court grants review); Cal. Ct. R. 8.1115(a) (formerly Rule 977) (an unpublished opinion may not be cited as authority).  Even if the second dismissal could be considered equivocal and as having considered the merits as well, or was intertwined with the merits, the result would not change. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002).   Nor, may this Court presume that Webb's administrative appeal was timely; instead it must examine the delay and determine *de novo* on the record before it.[9]  *See Evans v. Chavis*, 546 U.S. 189, 197–98 (2006).

The critical point of which we must not lose sight is that the issue before this Court is not necessarily the timeliness of the administrative appeal, but construing the proper application of a federal statute—28 U.S.C. § 2244(d)(1)(D) "the date on which the factual predicate could have been discovered through the exercise of due diligence."  In this case, there are three potential

---

[8] The court has used bracket symbols [] around that portion of the text that is missing from the copy.

[9] The Court notes that the issue of the timeliness of Webb's administrative appeal was neither presented to nor decided by the California courts.  The only California court issuing a reasoned decision, the Alameda County Superior Court, did not address the issue .

ORDER
*Webb v Walker*, 2:05-cv-00291-JKS-GGH                                7

dates:  January 8, 2002, when the decision of the BPH panel became final; September 19, 2002, the date of the California Court of Appeal decision in *Dannenberg*; or May 5, 2003, the date Webb's request for reconsideration was denied and his administrative appeal dismissed.  Because the time would be tolled under § 2244(d)(2) during the pendency of  Webb's state court habeas proceedings between July 7, 2003, and December 14, 2004, Webb's petition is timely if either the September 2002 or May 2003 dates apply.

The September 2002 date is foreclosed by the Ninth Circuit decision in *Shannon v. Newland*, 410 F.3d 1083, 1089 (2005) (holding that a state court decision that announces a new interpretation or clarification of state law in a case unrelated to the petitioner does not constitute a "factual predicate" for a habeas claim).[10]

The factual predicate for Webb's administrative appeal filed in February 2003, dismissed as untimely, was the failure of the BPH panel to perform a proportionality analysis.  That factual predicate was known to Webb at least 13 months earlier when the BPH panel decision became final.  The basis for Webb's March 2003 request for reconsideration of the untimeliness dismissal, which was denied and the appeal dismissed, was the "discovery" in January 2003 of the September 2002 California Court of Appeal decision in *Dannenberg*.  The only factual predicate "discovered" as a result of the dismissal of the request for reconsideration was that the California Court of Appeal decision in *Dannenberg* did not apply to Webb's case.  It seems to the Court that logic dictates that an event founded upon an earlier event that does not itself constitute a factual predicate cannot serve as a factual predicate.  A contrary result would be incongruous.  Thus, the inescapable conclusion is that, under the facts of this case, Webb could have discovered the factual predicate for his claims through the exercise of due diligence not later than January 8, 2002, the date the decision of the BPH panel denying him parole became final under California law.

This result is consistent with analogous holdings of the Supreme Court construing the statutory tolling provision of § 2244(d)(2).  "[T]ime limits, no matter their form are 'filing'

---

[10] The Ninth Circuit distinguished that situation from one in which the state court decision in the petitioner's own case may constitute a factual predicate.  *See Johnson v. United States*, 544 U.S. 295, 303–04 (2005).

conditions," which renders a state proceeding not properly filed for the purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), *see also Allen v. Siebert*, — U.S. —, 128 S.Ct. 2, 4 (2007) (same).  An unjustified six-month delay in filing a notice of appeal is not reasonable. *Evans v. Chavis*, 546 U.S. at 201.  An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.,* requirements concerning the form of the document, *applicable time limits upon its delivery*, the court and office in which it must be lodged, and payment of a filing fee.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added).

    Even if the Court were to agree that the limitation period in this case began to run upon dismissal of the administrative appeal, it could not make the petition timely except as to the third ground: failure to do a proportionality analysis.  *Redd* applies § 2244(d)(1)(D), which, by its express language, specifically provides the clock starts on "the date the factual predicate of the *claim or claims* presented could have been discovered through the exercise of due diligence." (Emphasis added.)  Under Habeas Corpus Rule 2(c) each claim must be pleaded discretely, each of which is a separate occurrence for the purpose of applying the relation back provision of Federal Rule of Civil Procedure 15(c).  *Mayle v. Felix*, 545 U.S. 644, 646–47 (2005); *see also Pliler v. Ford*, 542 U.S. 225, 230–31 (2004) (discussing mixed petitions and the "stay and abey" procedure); *Rhines v. Weber*, 544 U.S. 269, 275–279 (2005) (same).  The sole claim presented in the administrative appeal was based upon the subsequently reversed decision of the Court of Appeals in *Dannenberg*: failure to perform a proportionality analysis.  This is also the sole claim presented in Webb's first round of habeas petitions in the California Courts.  In *Redd*, the factual predicate for Redd's habeas claims was the denial of his administrative appeal.  In this case, at best, the administrative appeal constitutes the factual predicate solely for Webb's claim that the BPH panel incorrectly failed to make a proportionality analysis, not his other four claims.  Thus, unless otherwise tolled, the time to bring his federal habeas petition on those four grounds ran January 8, 2003, more than two years before he filed his federal habeas petition in this Court.

    Under 28 U.S.C. § 2244(d)(2), the time is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment *or claim* is pending."  (Emphasis added.)  An untimely petition is not properly filed.

*Artuz v. Bennett, supra.* "[W]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. at 414, quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Other than his third ground, Webb presented his grounds in the second round habeas petition dated February 22, 2006, and filed in the California Supreme Court February 28, 2006. The California Supreme Court denied the petition, at least in part, on the basis that it was untimely. Not only was Webb's second California Supreme Court petition untimely, it was not filed until more than four years after denial of parole. Thus, at the latest, through the exercise of reasonable diligence Webb could have discovered the factual predicate for his first, second, fourth and fifth grounds on the date denial of his parole became final, January 8, 2002, more than three years before his petition was filed in this Court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The Findings and Recommendations filed February 28, 2008, as modified and supplemented herein, are adopted;

2.      Respondent's Motion to Dismiss at Docket No. 35 is GRANTED;

3.      The petition for habeas corpus relief filed herein is DISMISSED; and

4.      The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** no Certificate of Appealability is required. *Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir. 2005).

Dated:  September 15, 2008.

                         s/ James K. Singleton, Jr.
                         JAMES K. SINGLETON, JR.
                         United States District Judge